ORIGINAL

FILED IN CLERK'S OFFICE
U S D C - Atlanta

MAR 1 2 2009

JAMES N. HATTEN, Clerk
By_____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAMELA WOLDU,<br><br>Plaintiff,<br><br>v.<br><br>HOTEL EQUITIES, INC. D/B/A HAMPTON INN ATLANTA/STONE MOUNTAIN, HOTEL EQUITIES DEVELOPMENT, LLC, HOTEL EQUITIES DEVELOPMENT II, LLC, AND ADAMS-KEEGAN, INC.<br><br>Defendants. | CIVIL ACTION FILE NO.:<br><br>**1 09-CV-0685** -HTW |

## COMPLAINT – CIVIL RIGHTS

Plaintiff Pamela Woldu ("Woldu" or "Plaintiff") files this Civil Rights Complaint against the above-named defendants, Hotel Equities, Inc. d/b/a Hampton Inn Atlanta/Stone Mountain, Hotel Equities Development, LLC and Hotel Equities Development II, LLC (hereafter collectively referred to as "Defendants") and alleges as follows:

### INTRODUCTION

1.

This is a civil rights action for money damages and equitable and declaratory relief brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981. Plaintiff

Pamela Woldu is an African American woman who was employed by the Defendants from May 2006 to March 12, 2007. During this period, Plaintiff was subjected to a racially hostile work environment about which she objected and complained, only to be terminated in a retaliatory response. Ms. Woldu is seeking injunctive and declaratory relief, lost pay, and compensatory and punitive damages to remedy these civil rights violations, as well as her reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 28 U.S.C. §§ 2201 and 2202.

3.

Venue is proper pursuant to 28 U.S.C. § 1391 because the unlawful employment practices and the violations of Ms. Woldu's rights alleged below were committed in this judicial district.

4.

Plaintiff also has claims against Hotel Equities, Inc., Hotel Equities Development, LLC, Hotel Equities Development II, LLC and Adams-Keegan, Inc. under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et*

*seq.*, over which this Court will have jurisdiction upon the conclusion of the administrative process. In that respect, Plaintiff intends to amend this complaint to add the claims now pending before the Equal Employment Opportunity Commission in her Charges of Discrimination numbered 410-2007-04612, 410-2007-04613 and 410-2007-04614.

## PARTIES

5.

Plaintiff Pamela Woldu is an African American woman and a citizen and resident of the State of Georgia. She submits herself to the jurisdiction of this Court.

6.

Defendant Hotel Equities, Inc. is a Georgia corporation with its principal place of business located at 41 Perimeter Center East Suite, 510, Atlanta, Georgia 30346. It may be served by delivering process to its registered agent, Bruce H. Gaynes, 3495 Piedmont Road, Building 11, Suite 900, Atlanta, Georgia 30305.

7.

Defendant Hotel Equities Development LLC is a Georgia corporation with its principal place of business located at 41 Perimeter Center East Suite, 510, Atlanta, Georgia 30346. It may be served by delivering process to its registered

agent, Bruce H. Gaynes, 3495 Piedmont Road, Building 11, Suite 900, Atlanta, Georgia 30305.

8.

Defendant Hotel Equities Development II LLC is a Georgia corporation with its principal place of business located at 41 Perimeter Center East Suite, 510, Atlanta, Georgia 30346. It may be served by delivering process to its registered agent, Bruce H. Gaynes, 3495 Piedmont Road, Building 11, Suite 900, Atlanta, Georgia 30305.

9.

Defendant Adams-Keegan, Inc. is a Tennessee corporation with its principal place of business located at 6055 Primacy Parkway, Suite 300, Memphis, Tennessee, 38119-5773. Defendant Adams-Keegan has offices and is registered to do business and does business in Atlanta, Georgia. It may be served by delivering process to its registered agent, Gene Fidell, 1395 South Marietta Parkway, Building 500, Suite 204, Marietta, Georgia, 30067.

## STATEMENT OF FACTS

### CORPORATE OWNERSHIP AND OPERATIONS

10.

Defendant Hotel Equities, Inc. provides management, development, and consulting for hotels throughout the United States, including Hampton Inn-Atlanta/Stone Mountain, located at 1737 Mountain Industrial Boulevard, Stone Mountain, Georgia 30083.

11.

On information and belief, Defendants Hotel Equities Development and Hotel Equities Development II are companies through which Defendant Hotel Equities manages its hotels.

12.

Defendant Adams Keegan, Inc. is a professional employer organization or PEO that provides outsourced human resources needs for businesses with up to 1,000 employees. For instance, Defendant provides a comprehensive suite of HR functions including payroll, benefits, workers compensation, HR management and regulatory compliance guidance for companies that contract for its services. Included among these services are: employee file management and maintenance;

5

strategic HR consulting; complaint investigation and resolution; and termination management.

13.

Defendant Adams Keegan provided such HR functions for the Hotel Equities Defendants, including payroll, complaint investigation and termination management in reference to Plaintiff Pamela Woldu's claims.

14.

Defendants were joint employers of Ms. Woldu inasmuch as each exercised substantial control over her work, pay and employment.

RACIALLY HOSTILE WORK ENVIRONMENT

15.

Plaintiff was hired by Defendants in May of 2006 as a part time weekends employee reporting to General Manager Shelly McMahon.

16.

After she was hired, Ms. McMahon commented that she needed someone strong like her because she could not counsel employees for fear of being labeled a racist, indicating that her hiring was based in part on her race.

17.

Plaintiff became a full-time employee in September of 2006. The staff and the front desk reported to Plaintiff and she, in turn, reported to Ms. McMahon.

18.

As a condition of her full-time employment, Ms. McMahon had agreed to adjust Plaintiff's schedule to accommodate child care for her children.

19.

During her employment Plaintiff endured repeated demeaning racial slurs and comments about blacks from Ms. McMahon.

20.

For example, Ms. McMahon showed Plaintiff a computer generated image comparing local politician Cynthia McKinney to "Buckwheat." Ms. McMahon commented that the picture was funny and that "all you people look alike."

21.

On another occasion, Ms. McMahon showed Plaintiff a cartoon image of "Little black Sambo" complete with black skin and white lips. The Sambo character was being hung by the neck for stealing. Ms. McMahon remarked that all her staff at another location were "thieves and they were all black, so you do the math."

22.

Ms. McMahon frequently referred to black people as "thieves" and once even commented that she preferred to work with Hispanic people as opposed to black people because they don't steal and they work hard.

23.

Ms. McMahon also referred to blacks as "you people" and black men as "scary creatures."

24.

Plaintiff was told that she was hired to keep her "people," meaning black people, under control.

25.

Ms. McMahon told Plaintiff that black women were "bitchy" and that Plaintiff could deal with them better since Ms. McMahon was a "poor little old white woman" whom they would call a racist like they did at the Midtown Atlanta Hampton Inn.

26.

In spite of Plaintiff's efforts to correct her behavior, Ms. McMahon also repeatedly referred to a black man in the office as "that boy."

8

NOTICE OF DISCRIMINATION AND RETALIATION

27.

On or about February 12, 2007, Plaintiff contacted Defendant Adams Keegan and complained about Ms. McMahon's racially disparaging comments.

28.

A few days later, an investigator named Charles Rodriguez came to the office and spoke with Ms. McMahon and Ms. Woldu.

29.

On information and belief, no other witnesses were interviewed and no disciplinary action taken.

30.

Plaintiff had been told by Ms. McMahon that anytime she saw Mr. Rodriguez, someone was about to lose their job. Indeed, shortly after her complaint, Ms. McMahon told Plaintiff that she did not appreciate being badmouthed and that there needed to be a conversation about Plaintiff's future with the company.

31.

Ms. McMahon remarked to Plaintiff that "you people are all the same. You can't be helped."

32.

On another occasion when a former employee had accused her of being racist, Ms. McMahon remarked, "You people don't want to mess with me and my husband. I have twenty years in this industry."

33.

On March 12, 2007, Plaintiff was terminated. She was told she was fired for being tardy, which was caused by the necessity of arranging childcare.

34.

Plaintiff's termination occurred despite the previously approved child care arrangement.

DAMAGES TO WOLDU

35.

The above stated actions have had the effect of subjecting Plaintiff to disparate and adverse terms and conditions of employment, as compared to white employees and employees who did not complain but acquiesced in such racially discriminatory behavior.

36.

Defendants' actions directed toward Plaintiff were done intentionally, willfully, maliciously and in bad faith.

37.

As a result of Defendants' conduct, Plaintiff has been damaged in the terms, conditions and benefits of her employment, including the loss of pay, promotional opportunity, social security income, and medical and retirement benefits.

38.

As a result of Defendants' conduct, Plaintiff has suffered mental and emotional distress and other damages, including out-of-pocket losses, all in an amount to be proven upon the trial of this matter.

## COUNT ONE
### DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

39.

The allegations contained in paragraphs 1 through 38 are hereby incorporated by this reference.

40.

Defendants' actions in perpetuating the racially hostile work environment resulting from Ms. McMahon's treatment of Plaintiff and other African American workers were committed with reckless disregard for Plaintiff's right to be free from discriminatory treatment on account of her race in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

11

41.

The effect of Defendants' above-mentioned acts has been to deprive Plaintiff of equal employment opportunities and benefits due to her as an individual and employee because of her race.

42.

As a result of these actions, Plaintiff has suffered damages both monetary and non-monetary.

43.

As such, Plaintiff is entitled to equitable as well as monetary relief from Defendants for violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

## COUNT TWO
### RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

44.

The allegations contained in paragraphs 1 through 38 are hereby incorporated by this reference.

45.

Defendants' actions in harassing and terminating Plaintiff following her complaints of discrimination were committed with reckless disregard for Plaintiff's right to be free from discriminatory treatment on account of her opposition to

discriminatory practices and in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

46.

The effect of Defendants' above-mentioned acts has been to deprive Plaintiff of equal employment opportunities and benefits due her because of her willingness to oppose such discriminatory practices.

47.

The action taken against the Plaintiff has caused her to suffer both monetary and non-monetary damages.

48.

As such, Plaintiff is entitled to equitable and monetary relief from Defendants for violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

## **RELIEF**

Plaintiff respectfully requests that this Court:

1.  Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated Plaintiff's rights as secured by Civil Rights Act of 1866, 42 U.S.C. § 1981;

2.  Grant Plaintiff a permanent injunction enjoining Defendants, their officers, agents, successors, employees, attorneys, and those acting in concert with

them, from engaging in any employment practice or policy which discriminates against the Plaintiff or others similarly situated because of their race, opposition to discriminatory or unlawful practices, or because of their participation in this lawsuit;

3. Order Defendants to make the Plaintiff whole by providing for her back pay, reimbursement for lost benefits, including retirement benefits, social security and other benefits and expenses in an amount to be proven at trial;

4. Grant to Plaintiff compensatory damages in an amount reasonable and commensurate with the losses imposed upon her by Defendants unlawful and discriminatory acts, including her pain and emotional distress;

5. Grant to Plaintiff punitive damages under federal law in an amount reasonable and commensurate with the harm done and calculated to be sufficient to deter such conduct in the future;

6. Grant to Plaintiff a jury trial on all issues so triable;

7. Grant to Plaintiff her costs in this action and a reasonable attorneys' fee as provided by federal law; and

8. Grant such additional relief as the Court deems proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable as of right.

Respectfully submitted,

BUCKLEY & KLEIN, LLP

By: _____
John F. Beasley, Jr.
Ga. State Bar No. 045010
jfbeasley@buckleyklein.com
Edward D. Buckley
Ga. State Bar No. 092750
edbuckley@buckleyklein.com
Counsel for Plaintiff Pamela Woldu

Atlantic Center Plaza, Suite 1100
1180 West Peachtree Street
Atlanta, Georgia 30309
Telephone: 404-781-1100
Facsimile: 404-781-1101